Matter of Attorneys in Violation of Judiciary Law § 468-a (Amah) (2021 NY Slip Op 06139)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Amah)

2021 NY Slip Op 06139

Decided on November 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2021

PM-150-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Udoka Obie Amah, Respondent. (Attorney Registration No. 4475612.)

Calendar Date:October 18, 2021
Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Udoka Obie Amah, New York City, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2007
and is also admitted in his native country of Nigeria. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2011 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1709 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing his registration delinquency in November 2021, respondent has now moved, by application marked returnable on October 18, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in response to the application.[FN1]
Along with certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Given the duration of his suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He has also provided evidence establishing his previous legal employment in Nigeria during the relevant time period and a certificate of good standing from that country (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶¶ 13, 16-17), as well as proof of his timely passage of the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
Upon review of the entirety of respondent's application, we conclude that his submission is sufficient to establish by clear and convincing evidence that he has satisfied the above-referenced three-part test. Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, as, among other things, he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigations since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. To that end, giving due consideration to respondent's otherwise spotless [*2]disciplinary history and the fact that the professional misconduct underlying his suspension was not harmful in nature, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Garry, P.J., Egan Jr., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.